IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

JESSICA LEANN BAXTER, )
)
    Plaintiff, )
)
v. ) CASE NO. 1:07 CV 666-WHA
)
NELL ANDERSON RICH, and )
PROGRESSIVE AMERICAN INSURANCE )
COMPANY, )
)
    Defendants. )

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Defendant Progressive American Insurance Company ("Progressive"), through the undersigned, and files this Answer and Affirmative Defenses, and states as follows:

### I. SPECIFIC ALLEGATIONS

In response to the specific allegations in the Plaintiff's Complaint, the Defendant pleads the following:

1. Defendant Progressive does not dispute that the Plaintiff claims $75,000.00. However, to the extent that this allegation implies that the Plaintiff is entitled to recover an amount in excess of $75,000.00, that allegation is denied and Defendant Progressive demands strict proof thereof.

2. Admitted.

3. Admitted.

4. Admitted.

5. The Defendant admits that Progressive is a business incorporated in the State of Ohio and its principal place of business is in a state other than Florida. However, Defendant is without knowledge as to the meaning of the averment that Progressive "conducts business

within the Southern Division of the Middle District of Alabama." As such, the remaining allegations set forth in paragraph 5 of Plaintiff's Complaint are denied and Defendant, Progressive, demands strict proof thereof.

## COUNT ONE

6. Defendant Progressive denies the allegations in this paragraph and demands strict proof thereof.

7. Defendant Progressive denies the allegations in this paragraph and demands strict proof thereof.

Defendant Progressive further denies that the Plaintiff is entitled to recover the damages demanded in the *ad damnum* clause of Count One of her Complaint.

## COUNT TWO

8. Defendant Progressive adopts by reference its responses to paragraphs 1 - 7 as is fully set forth herein.

9. Defendant Progressive denies the allegations in this paragraph and demands strict proof thereof.

10. Admitted the policy of insurance issued by Progressive insured the Plaintiff. Without knowledge therefore denied as to all remaining allegations and Defendant, Progressive, demands strict proof thereof.

11. Admitted.

12. The terms and conditions of the policy of insurance issued to Plaintiff speak for themself. However, Progressive admits the allegation that the policy of insurance provides for the payment of personal injury damages which the Plaintiff would be legally entitled to recover from an uninsured motorist, provided Plaintiff's bodily injury damages exceed the tortfeasor's underlying limits of liability.

13. Admitted.

14. The Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Plaintiff's Complaint at this time. As such, this paragraph is denied and Defendant Progressive demands strict proof thereof.

15. The Defendant is without sufficient information to admit or deny the allegations in this paragraph of the Plaintiff's Complaint at this time. As such, this paragraph is denied and Defendant Progressive demands strict proof thereof.

Defendant Progressive further denies that the Plaintiff is entitled to recover the damages demanded in the *ad damnum* clause of Count Two of her Complaint.

## II. AFFIRMATIVE DEFENSES

### FIRST DEFENSE

This Defendant denies the material allegations in the complaint and demands strict proof thereof.

### SECOND DEFENSE

This Defendant pleads that the underlying tort feasor has sufficient insurance to satisfy any reasonably anticipated judgment and is therefore not an underinsured motorist.

### THIRD DEFENSE

This Defendant pleads the general issue.

### FOURTH DEFENSE

This Defendant pleads not guilty.

### FIFTH DEFENSE

The Plaintiff's claims are barred by the equitable doctrines of laches, waiver, and/or estoppel.

### SIXTH DEFENSE

The Defendant pleads the contributory negligence of the Plaintiff.

## SEVENTH DEFENSE

Any damages suffered by the Plaintiff were proximately caused by the tortious acts or omissions of a third party over whom this Defendant has or had no control or liability.

## EIGHTH DEFENSE

The Defendant pleads the failure of the Plaintiff to mitigate damages.

## NINTH DEFENSE

The Defendant pleads the applicable statute of limitations.

## TENTH DEFENSE

Some or all of the Plaintiff's claims are partially or completely barred because of the voluntary assumption of a known a risk.

## ELEVENTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks exemplary or punitive damages, violates the Defendant's rights to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and therefore, fails to state a cause of action under which either punitive or exemplary damages may be awarded.

## TWELFTH DEFENSE

The Plaintiff's complaint, to the extent that it seeks punitive or exemplarily damages, violates the Defendant's rights to protection from "excessive fines" as provided in the Eight "Amendment of the United States Constitution and in Article I, § 15 of the Constitution of the State of Alabama. It violates the Defendant's right to due process as provided in the Fifth and Fourteen Amendments of the United States Constitution and as provided in the Constitution of the State of Alabama, and, fails to state a cause of action supporting the imposition of punitive or exemplary damages.

## THIRTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States of America.

## FOURTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the constitutional safe guards provided to the Defendant under the due process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related any legitimate government concerns or interest.

## FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate Article I, § 6 Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interest.

## SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the procedural safe guards provided to the Defendants under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards afforded to criminal Defendants.

## SEVENTEENTH DEFENSE

It is violative of the self incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose upon the Defendant punitive damages which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

## EIGHTEENTH DEFENSE

It is violative of the self incrimination clause of Article I, § 6 of the Constitution of the State of Alabama to impose punitive damages against the Defendant, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

## NINETEENTH DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant, which are penal in nature, by requiring a burden of proof by Plaintiffs which is less than the "beyond a reasonable doubt" burden required in criminal cases.

## TWENTIETH DEFENSE

Any award of punitive damages to the Plaintiffs in this case will violate the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fine Clause to the Eighth Amendment of the Constitution of the United States.

## TWENTY- FIRST DEFENSE

Any award of punitive damages to the Plaintiffs in this case would violate the equal protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTY- SECOND DEFENSE

The imposition of punitive damages in this case violates the due process clause of Amendment V and XIV to the United States Constitution and Article I, sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damage award has the substantial chilling effect on the exercise of fundamental rights to order liberty and of access to the courts. Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate due process under the state and federal constitution provisions by (1) failing to provide sufficiently objective and

specific standards by which a jury may to decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which a jury may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific guidelines by which a jury may award punitive damages against multiple defendants for different alleged acts of wrong doing; (4) failing to provide sufficiently objective and specific standards by which a jury may award separate judgments against alleged joint-feasors; (5) by failing to provide sufficiently clear, objective and specific standard for appellant review of rewards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-THIRD DEFENSE

The imposition of punitive damages in this case violates the Equal Protection Clause amendments of V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, sections 1, 6 and 22 of the Alabama Constitution because, among other reasons, criminal Defendants are placed in a position of a distinctive advantage over civil Defendants of comparable culpability due to the disparity and punitive treatment for similar conduct and because of the absence of sufficiently objective and specific standards for the imposition of punitive damages which fails to ensure equal treatment between similarly situated Defendants.

## TWENTY- FOURTH DEFENSE

Any and all claims for punitive damages in this action are limited in amount by application of Alabama Code § 6-11-21 (1975), which provides an award of punitive damages shall not exceed $250,000.00. See also Oliver v. Towns, 738 So. 2d 798 (Ala. 1999).

## TWENTY- FIFTH DEFENSE

Plaintiff's Complaint, to the extent it seeks punitive damages against an uninsured/underinsured motorist carrier, is violative of the Equal-Protection and/or Due Process provisions of the United States Constitution and/or of the Constitution of the State of Alabama.

## TWENTY- SIXTH DEFENSE

The Defendant pleads improper venue.

## TWENTY- SEVENTH DEFENSE

The Defendant pleads accord and satisfaction.

## TWENTY- EIGHTH DEFENSE

The Defendant pleads failure of the Plaintiffs to obtain consent to a settlement with the underlying defendant/tortfeasor.

## TWENTY- NINTH DEFENSE

The Defendant pleads any and all contractual defenses provided under the policy of insurance that is the subject of this case which allegedly provides underinsured motorists coverage to the Plaintiff.

## THIRTIETH DEFENSE

The Defendant pleads the uninsured motorist endorsement to the policy of insurance issued to Plaintiff by Progressive specifically prohibits the recovery of punitive or exemplary damages as a part of Plaintiff's contractual entitlement to recovery of uninsured motorist benefits.

## THIRTY- FIRST DEFENSE

The Defendant pleads the applicability of Florida substantive law to the claim between Plaintiff and Progressive, specifically the provisions of Section 768.72, Florida Statutes, which provides for the pleading of an entitlement to punitive damages only after a proffer of evidence establishing a reasonable basis to plead such damages.

Respectfully submitted,

S/Brett A. Ross
Brett A. Ross (ASB-6771-O76B)

Attorney for Defendant Progressive American Insurance Company

OF COUNSEL:
CARR, ALLISON, PUGH, HOWARD,
    OLIVER & SISSON, P.C.
100 Vestavia Parkway
Suite 200
Birmingham, Alabama 35216
(205) 822-2006
(205) 822-2057 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following on this the 16th day of August, 2007:

Michael J. Gamble
The Gamble Law Firm
206 East Main Street
Dothan, Alabama 36301

William L. Lee, III
Lee and McInish Attorneys, P.C.
Post office Box 1665
Dothan, Alabama 36302

S/Brett A. Ross
Of Counsel